UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD L. MILLER,

    Plaintiff,

  v.                                                 Case No. 10-C-300

KEITH CLAYTON, et al.,

    Defendants.

**ORDER**

    Two of the defendants in the above matter, Walworth County Jail Correctional Officers Clayton and Duffey (the third defendant, identified only as Nurse Carrie in the Complaint, has not been served and is no longer employed by the agency that provided health care services to the jail), have filed a motion to compel plaintiff to sign a medical authorization so that they can have access to his medical records. Defendants have limited their request to a specific period of time – April 12, 2008 to May 9, 2008 – relevant to plaintiff's 18 U.S.C. § 1983 claim. Plaintiff is apparently reluctant to voluntarily sign the required medical release because he is unsure of the law related to medical records in a civil lawsuit. The law is clear: when a plaintiff has placed his medical condition at issue defendants are entitled access to his medical records so they can defend themselves against the claim. *See Goodvine v. Gorske,* 72 Fed. R. Serv. 3d 790 (E.D. Wis. 2009). A plaintiff's failure to sign an authorization form for release of his medical records may warrant dismissal of his § 1983 action where the medical records are related to his claim.

**THEREFORE IT IS ORDERED** that on or before January 3, 2011 plaintiff shall sign the medical authorizations granting defendants access to his medical records from the April 12, 2008 to May 9, 2008 time period. If plaintiff refuses to sign the medical authorization this case may be dismissed. If, on the other hand, Plaintiff believes he has a valid ground to object, he may advise the court of the reason for refusing to allow access to his medical records on or before January 3, 2011, and the Court will consider his objection before taking further action. Defendants, of course, are required to keep Plaintiff's medical records confidential except to the extent necessary to prepare for and present their defense to Plaintiff's claims.

**IT IS FURTHER ORDERED** that Defendants will be permitted without further leave of the Court to supplement their motion for summary judgment on or before February 15, 2011. Plaintiff must file his response to their motion on or before March 15, 2011, and Defendants' reply will be due on or before April 14, 2011.

**SO ORDERED** this __15th__ day of December, 2010.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge