# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD L MILLER,

        Plaintiff,

  v.                                                                               Case No. 10-C-300

CO DUFFY,

        Defendant.

**ORDER TO COMPEL**

      Plaintiff Ronald Miller, a pro se inmate of the Walworth County Jail, filed this § 1983 Civil Rights action against two Walworth County Jail correctional officers and a third defendant who was a nurse for a private company providing health services to the jail. Plaintiff claimed in his complaint that the defendants had violated his constitutional rights by their deliberate indifference to his serious medical needs relating to an ankle injury. The defendants requested that plaintiff sign a form authorizing the release of his medical records from the Walworth County Jail. When the plaintiff refused to sign, the defendants filed a Motion to Compel with the Court. On December 15, 2010, the Court entered an order directing the plaintiff to either sign the form authorizing the release of his records held by the Walworth County Jail, or face dismissal of his lawsuit. Plaintiff was ordered to respond by January 3, 2011.

      Currently before the Court is another motion by the defendants seeking either an order to compel the plaintiff to sign the authorization without restriction or dismissal of his lawsuit. Defendants state in support of their motion that plaintiff returned their authorization but restricted

the records that could be disclosed to only those dealing with his physical condition. He states in his modification of the authorization that he signed that the revisions were based on his objection to the request on the ground that it exceeded the scope of discovery under Rule 26 and that it was over broad and ambiguous.

The Court is satisfied that the Defendants' request for records from the jail is not over broad. Plaintiffs claim is that the defendants were deliberately indifferent to his serious medical needs. All medical interventions initiated on his behalf are relevant to the question of whether the defendants were indifferent. They are also relevant to the severity of the plaintiff's injury and whether he did have a serious medical need. Accordingly, plaintiff is directed to sign the release without restriction. Any further delay in this matter will result in dismissal of his lawsuit. He must sign the release and return it to the defendants on or before February 1, 2011.

**SO ORDERED** this   10th   day of January, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge