UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD L. MILLER,

        Plaintiff,

  v.                                                                             Case No. 10-C-300

CO DUFFY,

        Defendant.

## ORDER DISMISSING ACTION

Plaintiff Ronald Miller, a pro se inmate of the Walworth County Jail, filed this § 1983 Civil Rights action against two Walworth County Jail correctional officers and a third defendant who was a nurse for a private company providing health services to the jail. Plaintiff claimed in his complaint that the Defendants had violated his constitutional rights by their deliberate indifference to his serious medical needs relating to an ankle injury. The Defendants requested that Plaintiff sign a form authorizing the release of his medical records from the Walworth County Jail.

When the Plaintiff refused to sign, the Defendants filed a Motion to Compel with the Court. (Dkt. 28.) On December 15, 2010, the Court entered an order directing the plaintiff to either sign the form authorizing the release of his records held by the Walworth County Jail, or face dismissal of his lawsuit. (Dkt. 40.) Plaintiff was ordered to respond by January 3, 2011. Plaintiff responded but would only sign the authorization with certain restrictions. On January 10, 2011 the Court entered a second order directing Plaintiff to sign the authorization without restriction by February 1, 2011. (Dkt. 46.) On February 8, 2011 Defendants moved to dismiss on the grounds that Plaintiff had still not signed the authorization.

On March 14, 2011 this Court received a letter from Plaintiff in which he alleges that he never received a new authorization to sign from Defendants. (Dkt. 53.) The Court ordered the Defendants to respond to the Plaintiff's allegation that he never received a new authorization to sign. (Dkt. 54.) After reviewing Defendants' response (Dkt. 55) it is now readily apparent that Plaintiff had several authorizations to sign. He received copies of the authorization on both November 9, 2010 and November 22, 2010. (Nelson Aff., Dkt. 37 at Exs. 6 & 7.) Plaintiff received additional copies of the authorization because they were attached to Defendants' Motion to Compel (filed December 13, 2010) and Defendants' Second Motion to Compel (filed January 1, 2011). In total Plaintiff had four authorizations available to sign. He returned two authorizations to Defendants – the first was returned intentionally unsigned and the second was returned with inappropriate restrictions added by Plaintiff. Still Plaintiff still had two remaining blank authorizations available for signature. If those were unavailable, he could have at least requested another. Instead, he took no action. Given these facts, dismissal is proper.

Dismissal is also proper because Plaintiff has failed to file a response to Defendants' motion for summary judgment by the March 15, 2011 deadline. *See Raymond v. Ameritech Corp.,* 442 F.3d 600, 607-08 (7th Cir.2006) (noting that district courts are allowed to strictly enforce summary judgment deadlines). Plaintiff was given a full and fair opportunity to respond to Defendants' motion for summary judgment. Plaintiff has not requested additional time within which to respond to the motion for summary judgment; instead Plaintiff has simply blown the deadline.

In addition, because Plaintiff failed to respond to the Defendants' motion for summary judgment, Defendants version of events is accepted for the purpose of summary judgment. *See* Fed. R. Civ. P. 56(e)(2); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). Accordingly the record

2

before the Court does not support an inference that Defendants were deliberately indifferent to Plaintiff's constitutional rights. Further, on this record Plaintiff has failed to rebut Defendants assertion that they lacked the authority to maintain policies or practices which resulted in the claimed constitutional denials. (*See* Clayton Aff. ¶ 7; Duffey Aff. ¶ 7). Finally Defendants are entitled to qualified immunity because the record establishes only that they relied on and followed the directives issued by medical professionals. *See Warlick v. Cross,* 969 F.2d 303, 309 (7th Cir. 1992); *see also Berry v. Peterman,* 6054 F.3d 435, 440 (7th Cir. 2010).

Accordingly, and for the reasons set forth above, this action is dismissed with prejudice for failure to comply with the Court's orders to sign the required authorization and for failure to respond to Defendants' motion for summary judgment. Dismissal on the merits is also proper because the undisputed facts establish no genuine issue of material fact related to the alleged deprivation of Plaintiff's constitutional rights.

**SO ORDERED** this ___1st___ day of April, 2011.

                                                      s/ William C. Griesbach
                                                      William C. Griesbach
                                                      United States District Judge